CLINTON W. BALL, PLAINTIFF-RESPONDENT, v. O. JAMES PORTER, JAMES R. PORTER, WILLIAM H. JERVIS, WILLIS J. PORTER, BRUCE D. McCREARY, VERL J. LOVELL, MARIE J. PORTER, LAURA E. HUDSON, AND BILLIE J. PORTER, PARTNERS, DOING BUSINESS AS PORTER-URQUHART ASSOCIATED-O. J. PORTER & COMPANY, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 20, 1952—Decided December 10, 1952.

492

Before Judges FREUND, STANTON and CONLON.

*Mr. Edward V. Ryan* argued the cause for defendants-appellants (*Mr. John J. Barry* on the brief; *Mr. Grover C. Richman, Jr.*, United States Attorney, attorney for defendants-appellants).

*Mr. Max Mehler* argued the cause for plaintiff-respondent (*Mr. Bertram S. Grand* and *Mr. John A. Marzulli*, attorneys for plaintiff-respondent).

The opinion of the court was delivered by

STANTON, J. S. C. (temporarily assigned). This action was brought by the plaintiff to recover damages for the breach of an employment contract. The defendants appeal from a judgment entered upon a verdict in his favor.

The appellants contend that the trial court erred in failing to charge the jury on the defense that the contract, if in fact proved, had been terminated by mutual consent; and in denying their motion made during the trial to amend the pleadings to set up the defense of accord and satisfaction.

The defendants as joint venturers had a contract with the United States Government for construction work in North Africa; the plaintiff, a retired army officer then residing in

Texas, was engaged in April 1951 by the defendants as a progress engineer. He commenced work on April 18, 1951 and continued in the employment of the defendants until August 3, 1951. On that day he was paid his salary to August 10, 1951, together with the further sum of $356.55 which was to reimburse him for certain expenses that he had incurred and to defray the cost of his returning to Texas from Newark.

The basic dispute in the case was whether he was engaged for a period of one year at a salary of $12,000 payable in equal monthly installments, or, as the defendants contend, for an indefinite period at the rate of $200 weekly together with travel allowances. The pretrial order contains this statement: "Defendants claim also that plaintiff was not discharged but voluntarily terminated his employment by agreement with the defendants." Upon the argument the defendants conceded that the jury in effect found that there was a contract for a year's employment. The trial court charged that the issue was as to the nature of the employment contract, that is, whether it was for a period of a year or merely on a week-to-week basis, and the rate of compensation. In the course of the charge it was stated:

"I charge you as a matter of law that the acceptance by Colonel Ball of amounts over and above that to which he would be specifically entitled, his day by day compensation, and any agreement that he would give up any further claim, is not a matter of defense and is not a bar to his action, if you feel that he is entitled to a certain claim for his salary for the remaining part of the year."

At the conclusion of the charge, the defendants' attorney called the court's attention to the fact that in the pretrial order one of the defenses raised was the voluntary termination of the employment by the plaintiff, and expressed the opinion that there was proof to that effect. Thereupon the court further charged the jury, but did not cover the point raised by the defendants. Upon the conclusion of the additional charge, the plaintiff's attorney stated that he had

no objections, and the defendants' attorney made the following statement:

"The defendants object to the charge of the Court insofar as it is covered the defense of voluntary termination of services. (Sic) We move that the Court charge that even if there was a contract established, a voluntary termination by the plaintiff should entitle the defendant to a verdict of no cause of action."

The court made no response to this motion, but directed that the officers be sworn, and thereupon the jury retired.

*Rule* 3:51–1 provides that either before or at the close of the evidence any party may file written requests that the court instruct the jury on the law as set forth in the requests, and that no party may urge as error any omission from the charge unless he objects thereto before the jury retires. This is similar to the practice in effect prior to the enactment of our present rules.

In *Broadwell v. Nixon*, 4 *N. J. L.* 362 (*Sup. Ct.* 1817), it was urged as error that the court refused to charge the jury upon a question of law fairly raised by the evidence and upon which the rights of the parties depended, and it was held:

"One of the most important duties of the court is to expound the law to the jury, so as to instruct and guide it. And this duty must in no way be evaded, when the case requires it."

In *Lambert v. Trenton and Mercer, &c., Corp.*, 103 *N. J. L.* 23 (*Sup. Ct.* 1926), affirmed 104 *N. J. L.* 175 (*E. & A.* 1927), damages were sought for personal injuries, and at the conclusion of the charge counsel for the defendant made an oral request that the court instruct the jury that any verdict for the plaintiff should include the present values of future losses and not the future values. This request was refused because it was not submitted in writing and had not been submitted before the court delivered its charge, as required by the rules. This action was held erroneous and there was a reversal of the judgment. The court in its opinion said:

"Counsel therefore might properly assume that the basic rules regulating the quantum of damages recoverable by each plaintiff would receive the attention of the court as an essential portion of its charge, without suggestion from counsel, and acting upon that assumption be prepared for nothing further than to enter an exception to such portion of the charge as should fail to meet the legal requisites, as conceived by counsel. When, therefore, the court entirely omitted from its charge a statement of the fundamental rule of law governing the assessment of damages by the jury, no other practicable course would seem to have been open to counsel than the one he adopted, of calling the court's attention to the omission, and requesting a statement to the jury, of the law upon the subject. We think that, in the exigency, the learned trial court realizing the omission should have detained the jury sufficiently to state to them the rule of law governing the subject, or, as an alternative, if deemed necessary, should have requested counsel to reduce his request in writing, and submit it for the court's consideration before final submission of the case to the jury. *Dunne v. Jersey City Gal. Co.*, 73 *N. J. L.* 586; *Benz v. Central Railroad Co.*, 82 *Id.* 197."

In *Tobish v. Cohen*, 110 *N. J. L.* 296 (*E. & A.* 1933), the court referred to the *Lambert* case and quoted that part of the opinion set forth above. There an exception was taken because of the failure of the court to charge on the subject of contributory negligence. There had been no prior request for such a charge and the appellate court pointed out that counsel did not ask the court to recall the jury and charge them on the question as was done in the *Lambert* case, but merely excepted because of the failure to charge. It was held that the failure to make a subsequent request was fatal. See also *Rowland v. Wunderlick*, 113 *N. J. L.* 223 (*Sup. Ct.* 1934).

The proofs were conflicting as to the circumstances under which the plaintiff's employment was terminated. If it were done by agreement as contended by the defendants in the pretrial order, the plaintiff could not recover. Good practice required that the defendants submit a written request to charge upon this point. However, it is understandable that counsel might have assumed that the court would charge upon it, inasmuch as the contention was set forth in the pretrial order and conflicting proofs were submitted respecting it. Moreover, the matter was called to the atten-

tion of the trial court at the conclusion of its main charge, and following a supplemental charge by the court, which did not cover the point, the defendants' counsel made a specific request that the court charge upon it. Under these circumstances it is our opinion that the court should have instructed the jury as requested, or should have called upon counsel to submit a written request for the desired charge. The failure to do so is reversible error.

In view of this disposition we deem it unnecessary to consider the other point. The trial court denied the motion to amend because it came too late in the proceeding and because the element of surprise was present. Prior to a new trial the defendants will have the opportunity to make a timely application for the amendment of the answer and the pretrial order.

The judgment is reversed and a new trial ordered.